broken.   The jury have found the fact of negligence.   The shipping receipt contained this stipulation : " When a valuation as agreed upon shall be named upon this shipping receipt, it is distinctly understood that such valuation shall cover loss or damage from· any cause whatever."

The appellant shipped this mare under a special contract arising on a bill of lading.   The valuation was that of the shipper.   While it is well settled that a limitation in a bill of lading does not relieve the carrier from liability for his own negligence (Penna. R. R. v. Miller, 87 Pa. 395), it is equally well settled in Pennsylvania that a common carrier may limit his liability by special contract: Penna. Co. v. Raiordon, 119 Pa. 577.   This written contract was made in the District of Columbia, and is to be interpreted by the lex loci contractus ᴑ Forepaugh v. R. R., 128 Pa. 217.   In Hart v. R. R., 112 U. S: 331, it was distinctly held that the valuation named in the shipping receipt was binding upon all the parties.

Judgment affirmed.

## Edwards, Appellant, *v.* Phila. & Reading R. R. Co.

*Railroads—Frightening horse—Contributory negligence—Leaving horse unhitched.*

Plaintiff's servant drove to one of defendant's stations, and leaving the horse unhitched, went into the station.   The horse was frightened by the whistle of an approaching train, ran upon the track and was killed.

*Held*, that there could be no recovery.

Argued March 24, 1892.   Appeal, No. 5, Jan. T., 1892, by plaintiff, Richard S. Edwards, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1890, No. 220, refusing to take off nonsuit.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages for injury to plaintiff's horse.

At the trial before FINLETTER, J., the evidence was to the following effect:

Plaintiff's horse and wagon were driven by his servant to Gwynedd station on defendant's road and left standing unhitched while the servant went into the station.   The latter testified that he could see the track for about one mile in each direction ;

that no train was in sight; that the horse was kind and gentle and had been to the station before and never exhibited any fear; that he had not left the horse for more than ten seconds when he heard a sharp whistle and that he ran out, but too late to catch the horse; that the train had not whistled at the whistling post, three hundred yards from the station; that if it had done so, he would have heard it in time to catch the horse. The horse ran upon the track in front of the train and was killed.

The court entered a nonsuit and subsequently refused to take it off. Plaintiff appealed.

*Errors assigned,* were (1–3) entering the nonsuit and refusing to take it off; (4) not leaving it to the jury to determine whether leaving the horse unfastened was such negligence as to preclude a recovery by plaintiff; (5) not leaving it to the jury to determine whether the loss was caused by the negligence of defendant's engineer in blowing an unnecessarily loud and violent whistle at the station, after failing to blow any whistle on the approach of the train before reaching the station.

*William Drayton,* for appellant.

*Gavin W. Hart,* for appellee, not called on.

PER CURIAM, March 24, 1892, at bar.
Judgment affirmed.

## Philadelphia to use, etc., *v.* Sheridan, Appellant.

*Municipal claims—Macadamizing streets—Rural property—Foot-front rule.*

The foot-front rule of assessment for improvements is not applicable to rural property, but when the land ceases to be farm land and becomes city land, property owners are liable for improvements. Whether this change has taken place in a particular locality is a question of fact to be determined by the jury.

Argued March 28, 1892. Appeal, No. 121, Jan. T., 1892, by defendant, Robert Sheridan, from judgment of C. P. No. 4, Philadelphia Co., December T., 1881, No. 217, M. L. D., on verdict for plaintiff, the City of Philadelphia to the use of D. B. Williams. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.